UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMEL WILLIAMS,

Plaintiff,

-against-

CITY OF NEW YORK DEPARTMENT OF
EDUCATION,

Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

15 CV 0420 (WFK)(LB)

KUNTZ, II, United States District Judge:

Plaintiff Jamel Williams, appearing *pro se*, filed this action against defendant City of New York Department of Education alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. 1). By Memorandum and Order ("Order") dated February 6, 2015, the Court dismissed the complaint for failure to state a claim with leave to file an amended complaint within 30 days. (Dkt. 4). On March 4, 2015, plaintiff filed an amended complaint. (Dkt. 5).

However, the amended complaint fails to cure the deficiencies noted by the Court. Although plaintiff deleted his retaliation claim, *see* Am. Compl. at 3, he failed to allege facts to support his claim that his former employer discriminated against him based on his race and color. Plaintiff's statement of claim remains the same as in the original complaint. Plaintiff includes additional unmarked exhibits that were not included in the original complaint, but he does not describe their relevance or show how these documents support his claim. Although the Court is required to liberally construe a *pro se* litigant's pleadings, it is not required to "re-write it." Geldzahler v. N.Y. Med. College, 663 F.Supp.2d 379, 387 (S.D.N.Y. 2009) (Peck, M.J.) (quoting 2 Moore's Federal Practice § 12.34[1][b], at 12-61 (internal quotation marks omitted)). In any event, a review of all the unmarked exhibits attached to the amended complaint do not support plaintiff's claim that he

experienced an adverse employment action based on his race and/or color.

Rather, plaintiff maintains that he was improperly terminated based on false accusations of the use of corporal punishment on a student and the use of his cellular phone during class.

Even if plaintiff had alleged sufficient facts to support a Title VII claim of race or color discrimination,[1] he does not address the timeliness of this action as required by the Court's Order. In New York, a plaintiff must file his discrimination charge with the EEOC or a state agency within 300 days of the alleged discrimination before filing a Title VII action in federal court. *See* 42 U.S.C. § 2000e-5(e)(1); Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012). Plaintiff's termination occurred on November 19, 2007, but he did not file a discrimination charge until April 17, 2014, *see* Am. Compl. at 4, more than 300 days after the alleged discrimination occurred.

Accordingly, the action, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment in favor of defendant and close this case.

SO ORDERED.                    /s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

---

[1] The only mention of race is on two unmarked exhibits, neither of which support a plausible inference that defendant terminated plaintiff based on his race and/or color. *See* Unmarked Exhibits: "Letter to Katherine Rodi, Director of Office Employee Relations ("Race isn't an issue I taught would have brought me here; however racism exist weather one cares to believe so or not.") and "Description of Discrimination" wherein plaintiff alleges: (i) "First off the discrimination faced me from the start racially [sic], (ii) the system of education doesnt [sic] want any black males with related experiences to prosper as a scholor [sic], and (iii) Ms. Larech witnessed the principal tell me that because I'm black like the students I should act like them . . .." Am. Compl. at pp. 10, 26-27.

Dated: Brooklyn, New York
       March 12 , 2015